In the United States District Court for the Middle District of Alabama

Charles Dixon, AIS#139244
Donald W. Young, AIS#157063
James McDonald, AIS#236354
Bruce Harms, AIS#202029

Civil Action No. _____
2:06CV266-T

Memorandum Supporting Class Action Law Suit Section 1983

Comes Now, The Plaintiffs, The Aboved Prisoners and Filing in the Above Style Court, A Section 1983 and Section 1988, This Class is so Numerous That Joinder of All Members (Those Prisoners Similarily Situated is Impracticable). There are questions of law or fact (contained in Plaintiffs Complaint) Common to the Class.

The Claims or Defenses of the Class, and The Representative Parties, (Plaintiffs and Any other Named Plaintiffs) are Typical of The Claims or Defenses of the Class, And The Representative Parties Will Fairly And Adequately Protect The Interes of The Class

1.

Plaintiffs shows the class is "numerous" in Plaintiffs complaint, and requests class certification pursuant to Rule 23(b)(2), As a practical matter all the prisoners who would be affected by the outcome of the lawsuit be joined as plaintiffs. Because all of the State of Alabama prison officials facilities is overcrowded. Therefore, unconstitutional housing plaintiffs in overcrowded facilities is in violation of the United States Constitutional Rights Law and Statutes and Rules and Regulations controlling overcrowded prison systems. Plaintiffs need not establish a class size with precision. It is sufficient if plaintiffs present some information from which the number of class member be approximated, and therefore plaintiffs showing that joinder is impracticable.

Plaintiffs presented a short statement of facts:
Conley v. Gibson, 355 U.S. 41 78 S. CF. 99 (1957)
   The Plaintiffs requesting for attorney to represent the class. An attorney entitled to a fee to be determined by the court and paid by the defendants, 42 USC § 1988 See Hensley v. Eckerhart ___ US. ___. 103 S. CT. 933 (1983)

2.

8

Plaintiffs required this court to treat Plaintiffs Allegation as a Pro Se Complaint Haine v. Kerner, 404 U.S. 519 92 594 (1972). Pro Se Complaints are held to less stringent standards than formal pleadings drafted by lawyers.

Plaintiffs, they are state prisoners and filing a civil rights action in federal court, Plaintiffs allege that this court has jurisdiction pursuant to 28 U.S.C ss 1343 and under 28 U.S.C ss 1331

The Department of Corrections Commissioners and the State of Alabama Board of Pardons and Paroles Chairman, they knew that they were violating Plaintiffs Constitutional Rights, housing Plaintiffs in overcrowded facilities ever since Newman v. Alabama, 683 F. 2d 1312, 1320 (11th Cir, 1982), If a right is clearly established, prison officals know or should know whether their acts violate it except in extra ordinary circumstances. Cases that put them on notice, Alabama v. Pugh, 438 U.S. 781, 98 S. Ct. 3057 (1978), Pugh v. Alabama 406 F. Supp, 318 (M.D. Ala. 1976).

3.

Newman v. State of Alabama, 466 F. Supp. 628 (M.D. Ala. 1979).

Plaintiff's Proving Personal Involvement, The Defendant Richard Allen is the Commisioner Over All The Prison Facilities In The State Of Alabama, And Knows That All The State Prison Facilities Are Overcrowded, And The Defendant Sydney Williams Is Over All The Inmates Who Holds The Authority To Grant And Deny Parole Consideration, Who Taking The Appointed Chairman Capacity To Help The Overcrowded Prison System By Leviating Overcrowding.

The Defendants Should Have Known That They Were Violating Plaintiffs Constitutional Rights Housing Them In Overcrowded Facilities With Inmates That Are Sick With Dangerous Diseases, It's Unconstitutionaly Housing Plaintiffs Illegaly under The Constitutions 1st, 5th, 8th, 14th Amendment Rights, And Denying Plaintiffs Safe Inviroments, By Fire Hazards, And Understaffing Of Correctional Officers Creates Risk for Violence in the Eviroments, Where Some Officers Are Working Over the Legal Hours limited Weekly thats Permitted or Not Permitted by Federal law. And The Right To Lifes Basic Necessities Are Being deprived of, by Placing Plaintiffs In Dorms That Have Been Regulated By Federal law to hold 60 Men, Which Now At The Easterling Facility

4.

Plaintiffs are being held in Dorms holding 130 and more, providing inadequate Bathroom Facilities with only one urinal and five toilets and 8-shower heads. Plaintiffs are now being vaccinated for Hepatitus (B). Plaintiffs also state that Hepatitus (C) has become a major Health Threat in this Inviroment. Plaintiffs have been treated for skin rashes and blistering Boils and Told By Health Care officals that the skin problems are nothing more than spider Bites. Samples and Cultures from the Skin has proven Medically that this is in fact staff infection. Being Housed in this Facility (Easterling) that was designed to Hold a Maxium capacity of 650, now Houses 1380 Inmates. Plaintiff are continuosly subjected to an Inviroment that is dangerous to our Person, unsafe to our Health, and Infestations of scabies has proven the degradation of these Facilities where Medically these Problems are epidemic, and Refuses to go Away.

Medical Records at all Facilities could prove that these negligencies and even Death, in these inviroments will continue in these gross circumstances untill the proper action is taken "Reducing Overcrowding".

And Plaintiffs further states that these institutions have experienced major Food Poisning at the "Drapper Facility" and at Ventress Prison Facility, just Recently, this whole facility had to be Qurantined due to an outbreak of Tuburculosis.

5.

The capacity at all institutions for hot water, "needfull for sanitation" has been greatly reduced by the capacity of prisoners at these facilities, that are designed and engineered for a set maximum capacity, that is now at two hundred percent capacity. Washing clothes, taking showers, and chow hall sanitation has been compromised by these conditions at all institutional facilities.

Plaintiffs further states that here at the Easterling Correctional Facility and all others in the state of Alabama, Plaintiffs are being forced to get hair cuts by institutional barbers who do not have proper sanitational materials and tools, when only two hundred feet or less from where plaintiffs receive haircuts, the Department of Corrections Easterling Staff Barber Shop for corrections officers, with inmate barber has, hot water, sanatational devices and materials thats conducive to a healthy inviroment for A.D.O.C. Staff.

Plaintiffs in closing, further states, that these unsanitary practices being forced upon the plaintiffs, has been the cause of numerous scalp dieases and skin problems and is but one, of all the stated deliberate indifferences that has been executed by Department of Corrections officals in the great state of Alabama.

6.

WHEREFORE PLAINTIFFS REQUEST that upon Consideration of this A Class Action 1983 law suit And Their Supporting Memorandum of law, This Court "ORDER" The Defendants, their Successors, Agents, Employees, And All other Persons Acting In Concert with Them to Cease Administering these illegal Practices.

Plaintiffs will Also Request That This Court Award the Plaintiffs ONE Million Dollars Each And Injunction and Injunctive Relief from Overcrowding and punitive damages of Two Hundred and Fifty thousand dollars Awarded to Each Plaintiff IN the Above Style Class Action 1983 law suit.

Done This Day 3/20 of 2006

Charles Dixon #139244
Donald W. Young #157063
James McDonald #236354
Bruce Harms #202029
Plaintiffs

I Declare Under Penalty of Perjury that the Above Information is True And Correct.
Date 3/20 - 2006

x Charles Dixon 139244
x Donald W. Young #157063
x James McDonald 236354
x Bruce Harms #202029
Plaintiffs
200 Wallace Drive
Clio, Alabama, 36017-2165

7.