IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRUCE HARMS, #202,029 | * | |
|     Plaintiff, | * | |
| | * | |
| | * | |
| v. | * | 2:06-CV-283-MHT |
| | * | |
| | * | |
| RICHARD ALLEN, et al., | * | |
|     Defendants. | * | |

**SPECIAL REPORT**

**COMES NOW** Sidney T. Williams, Chairman of the Alabama Board of Pardons and Paroles, represented by the undersigned counsel, and shows unto the Court as follows:

**Parties**

1.    Richard Allen, Commissioner of the Alabama Department of Corrections. Allen is named as a defendant in this suit.

2.    Bob Riley, Governor of the State of Alabama. Governor Riley is named as a defendant in this suit.

3.    Sidney Williams, Chairman of the Alabama Board of Pardons and Paroles. Williams is named as a defendant in this suit.

4.    Charles Dixion, #139244, is a named Plaintiff, who seeks class action certification.

5.    Donald W. Young, #157063, is a named Plaintiff, who seeks class action certification.

    6.    James McDonald, # 236354, is a named Plaintiff, who seeks class action certification.

    7.    Bruce Harms, #202029, is a named Plaintiff, who seeks class action certification and is suing on behalf of the class.

## Our Understanding of the Complaint

This is a 42 U.S.C.A. §1983 action where Plaintiffs Charles Dixon (AIS#139244), Donald W. Young (AIS# 157063), Bruce Harms (AIS# 202029), and James McDonald (AIS# 236354) seek Class Action certification, whereby they allege Eighth Amendment Cruel and Unusual Punishment claims, namely prison overcrowding, against the named defendants listed in this action. Plaintiffs specifically claim that one thousand three hundred eighty (1380) prisoners are being housed at Easterling Correctional Facility, which has a maximum capacity of 650 prisoners. Plaintiffs claim that as a result of the prison overcrowding there are health and safety risks violative of the Eighth Amendment to the U.S. Constitution. Plaintiffs allege that there is disease, fire hazards, and an understaffing of Correctional Officers which creates a risk of violence in their environments. Plaintiffs claim that their rights to life's basic necessities are being deprived, namely because of inadequate housing, inadequate bathroom facilities, inadequate sanitation, lack of hot water, disease infestation (skin rashes, hepatitis B and hepatitis C, staff infections, spider bites, scalp diseases, scabies, etc.).

Plaintiffs specifically claim that the Department of Corrections' Commissioner and the State of Alabama Board of Pardons and Paroles' Chairman know that they are

violating Plaintiffs' constitutional rights by housing Plaintiffs in overcrowded prison facilities.

Plaintiffs fail to state how Governor Bob Riley violated their Eighth Amendment rights against Cruel and Unusual Punishment, much less any other claimed constitutional right.

Plaintiffs also make a claim that defendants should have known that they were violating their First Amendment, Fifth Amendment, Eighth Amendment, and Fourteenth Amendment rights by housing them in overcrowded prison facilities.

Plaintiffs specifically claim that Defendant Sidney Williams *"is over all the inmates who holds the authority to grant and deny parole consideration, who taking the appointed Chairman capacity to help the overcrowded prison system by leviating (sic) overcrowding"*.

Plaintiffs seek to have this Court order the Defendants to cease administering their illegal practices. Plaintiffs also seek an award of one million ($1,000,000) dollars each; injunctive relief from overcrowding; and punitive damages of two hundred fifty-thousand ($250,000) dollars each.

### Defendant Sidney Williams' Position

1. Defendant Williams denies any and all material averments listed in Plaintiffs' complaint and demands strict proof thereof. *See the Affidavit of Sidney T. Williams, Exhibit A.*

2. Defendant Williams is Chairman of the Alabama Board of Pardons

and Paroles, a separate entity from the Alabama Department of Corrections. Defendant Williams has no control over the living conditions or overcrowding conditions of prisoners incarcerated in the Alabama prison system.

3. Defendant Williams is one of three Board Members who have the "total" discretionary decision-making authority to grant or deny paroles. See *Thompson v. Board of Pardons & Paroles, 806 So.2d 374 (Ala. 2001)*.

4. There is no right to parole. The Eleventh Circuit, in *Jones v. Ray, 279 F.3d 944 (11th Cir. 2001)*, states: "[I]t also is well-settled that there is no federal constitutional right to parole. Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Only when a state maintains a parole system that creates a legitimate expectation of parole does it establish a liberty interest in parole that is subject to the protections of the Due Process Clause. Id. at 12, 99 S.Ct. 2100." Parole is an act of grace, not a right. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). See also *Jones v. Ray, 279 F.3d 944 (11th Cir. 2001)*.

A prerequisite to a due process claim is the establishment of a legally protected interest or right. See *Medical Laundry Service v. University of Alabama, 840 F.2d 840 (11th Cir. 1988)*. The law is well settled that Alabama parole statutes do no create a liberty interest in parole. *See Ellard v. Alabama Bd. of Pardons and Paroles, 824 F.2d 937 (11th Cir. 1987) and Thomas v. Sellers, 591 F.2d 487 (11th Cir. 1983)*. Plaintiffs do not enjoy a due process right.

5. To establish a claim under 42 U.S.C. §1983, a plaintiff must prove

(1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254-55, 101 L.Ed.2d 40 (1988).* The gist of a §1983 claim is that there ***must*** be a deprivation of a federally protected right. Plaintiffs fail to prove that Defendant Williams violated their federally protected constitutional rights, a prerequisite to a §1983 action. Absent a federally protected constitutional violation, *there is no §1983 action.* (Emphasis added). Defendant Williams has not violated Plaintiffs federally protected constitutional rights. Plaintiffs fail to state ***how*** Defendant Williams violated their rights. Plaintiffs fail to state a claim for which relief can be granted.

6. Defendant Williams took no official action in relation to the named Plaintiffs. To have a §1983 action, there must be a person "acting" under the color of state law. Defendant Williams never acted under the color of state law, much less took any action at all.

7. The Board, as an entity, (a non-party to this action) has the statutory authority, in open public meeting, to decide which prisoners may be released on parole and when. One individual Board Member's actions do not constitute the transaction of the official business of the board. See Ala. Code *§15-22-20(f)(1975)* which states: "[T]wo members of the board shall constitute a quorum for the transaction of the official business of the board." Defendant Williams, alone, is not the "Board", thus he has no authority to transact the official business of the board by himself.

8. Defendant Williams enjoys "absolute" immunity. See also Pate v. Alabama

5

Bd. of Pardons and Paroles, 409 F.Supp. 478 (M.D.Ala. 1976), aff'd, 548 F.2d 354 (5th Cir.(Ala.) Feb 24, 1977). [1] The Pate Court held:

> ***It is the judgment of this Court that Defendants Robinson, Ussery, Lambert and the Board of Pardons and Paroles are absolutely immune from suit for damages under 42 U.S.C. s 1983***. The Court would note the recent decision of the United States Supreme Court, extending such absolute immunity evey to public prosecutors, Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128, 44 U.S. Law Week 4250 (1976), as evidencing support for the general line of reasoning herein adopted.

The bottom line is Defendant Williams is absolutely immune from suit for damages under §1983.

    9.    In the alternative, Defendant Williams is entitled to qualified immunity. The United States Supreme Court in *Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151 (2001)* states:

> Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). The privilege is "an *immunity from suit* rather than a mere defense to liability;*201 and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Ibid. As a result, "we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation." Hunter v. Bryant, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) *(per curiam)*.

Public officials are entitled to qualified immunity from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, supra.

The complaint fails to show ***any*** actions taken by Defendant Williams that violate Plaintiffs' federally protected constitutional rights, much less conduct that violates clearly

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (in banc), the court adopted as precedent all decisions of the former Fifth Circuit Court of Appeals decided prior to October 1, 1981.

6

established statutory or constitutional rights of which a reasonable person would have known. Plaintiffs fail state a claim for which relief can be granted.

10. *Ellard v. Alabama Bd. of Pardons and Paroles, 928 F.2d 378 (11th Cir. 1991)* states: [A]s noted above, Section 15-22-26, Code of Alabama, provides that a prisoner can be released on parole only if the board of pardons and paroles is of the opinion that there is a reasonable probability that, if such prisoner is released, he will live and remain at liberty without violating the law and that his release is not incompatible with the welfare of society....". Ala. Code §15-22-26 states, in pertinent part:

> No prisoner shall be released on parole *merely as a reward for good conduct or efficient performance of duties assigned in prison*, but only if the Board of Pardons and Paroles is of the *opinion* that there is reasonable probability that, if such prisoner is released, he will live and remain at liberty without violating the law and that his release is not incompatible with the welfare of society.

Ala. Code §15-22-26 gives the Board "total" discretion in deciding which prisoners to grant or deny parole. See *Thompson, supra.* The Board[2], a non-party to this action, does not have the statutory authority to release prisoners from prison just because there is prison overcrowding. Defendant Williams, acting alone, certainly does not have the authority to release prisoners from prison. It takes two Board Members to form the Alabama Board of Pardons and Paroles. One Board Member does not have the authority to grant or deny parole.

11. There are other statutory limitations that the Board shall abide by in granting parole. Ala. Code §15-22-28(d), in part, states, "[N]o prisoner shall be released on parole except by a majority vote of the board, nor unless the board is satisfied that he will be suitably employed in self-sustaining employment or that he will not become a

---

[2] The Board is not a "person" acting under the color of state law for purposes of 42 U.S.C.A. §1983.

public charge if so released". Ala. Code §15-22-28(e) states, "[T]he board shall not grant a parole to any prisoner who has not served at least one third or 10 years of his sentence, whichever is the lesser, except by a unanimous affirmative vote of the board". The Board lacks statutory authority to grant a parole until the statutory notices have been given, as prescribed by Ala. Code §§15-22-23 and 15-22-36..

     12.     The Alabama Legislature, through the passage Amendment 38 of the Alabama Constitution of 1901, created the Alabama Board of Pardons and Paroles, and set forth its duties. Some of the duties of the Board are listed in Ala. Code §15-22-24(a) which states:

> The Board of Pardons and Paroles, hereinafter referred to as 'the board,' shall be charged with the duty of determining what prisoners serving sentences in the jails and prisons of the State of Alabama may be released on parole and when and under what conditions. Such board shall also be charged with the duty of supervising all prisoners released on parole from the jails or prisons of the state and of lending its assistance to the courts in the supervision of all prisoners placed on probation by courts exercising criminal jurisdiction and making such investigations as may be necessary in connection therewith, of determining whether violation of parole or probation conditions exist in specific cases, deciding, in the case of parolees, what action should be taken with reference thereto, causing, in the case of probationers, reports of such investigations to be made to the judges of the courts having jurisdiction of the probationers and of aiding parolees and probationers to secure employment. It shall also be the duty of the board to personally study the prisoners confined in the jails and prisons of the state so as to determine their ultimate fitness to be paroled.

  Ala. Code §15-22-38 states: ***"[T]he duties imposed upon the members of the Board of Pardons and Paroles by this article are mandatory, and the limitations and restrictions on the powers of the board or the members thereof shall be strictly construed"***.

     13.     Plaintiffs claim that Defendant Williams violated their Eighth Amendment rights against Cruel and Unusual Punishment. Ala. Code §15-22-26 further states:

8

> If the board shall so determine, such prisoner shall be allowed to go upon parole outside of prison walls and enclosure upon such terms and conditions as the board shall prescribe, ***but to remain while thus on parole in the legal custody of the warden of the prison from which he is paroled until the expiration of the maximum term specified in his sentence or until he is fully pardoned.***

Neither the Board nor Defendant Williams has legal custody of the Plaintiffs so as to even be *able* to violate their Eighth Amendment rights against Cruel and Unusual Punishment. The legal custody of prisoners while on parole is the warden of the prison from which he is paroled. Plaintiffs fail to state a claim for which relief can be granted.

      14. Plaintiffs also make a claim that defendants should have known that they were violating their First Amendment, Fifth Amendment, Eighth Amendment, and Fourteenth Amendment rights by housing them in overcrowded prison facilities. Mere conclusory allegations are insufficient to state a claim for which relief can be granted. Plaintiffs certainly do not state a claim in relation to their First Amendment rights. The bottom line is that Plaintiffs fail to state a claim for which relief can be granted against Defendant Williams.

## Conclusion

Defendant Williams enjoys absolute immunity from suit. In the alternative, Defendant Williams enjoys qualified immunity.

Defendant Williams took no official action in relation to the named Plaintiffs. To have a §1983 action, there must be a person acting under the color of state law.

Plaintiffs fails to prove that Defendant Williams violated their constitutional rights, a prerequisite to a §1983 action. Absent a constitutional violation of a federally protected right, there is no §1983 action.

Plaintiffs do not enjoy a liberty interest in being parole. . "There is no

9

constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). See also *Jones v. Ray, 279 F.3d 944 (11th Cir. 2001)*.

A prerequisite to a due process claim is the establishment of a legally protected interest or right. See *Medical Laundry Service v. University of Alabama, 840 F.2d 840 (11th Cir. 1988)*. The law is well settled that Alabama parole statutes do no create a liberty interest in parole. *See Ellard v. Alabama Bd. of Pardons and Paroles, 824 F.2d 937 (11th Cir. 1987) and Thomas v. Sellers, 591 F.2d 487 (11th Cir. 1983).* Plaintiffs do not enjoy a due process right under the Fifth or Fourteenth Amendments to the U.S. Constitution.

The Board, a non-party to this action, has "total" discretion in the granting and denying of paroles. See *Thompson, supra.*

One individual Board Member's actions do not constitute the transaction of the official business of the board. See Ala. Code *§15-22-20(f)(1975).*

Alabama parole statutes set forth limitations on the Board before they can parole a prisoner.. The Board does not have the statutory authority to release prisoners or grant parole to prisoners just because there is a prison overcrowding problem.

Neither the Board nor Defendant Williams has legal custody of the Plaintiffs so as to be able to violate their Eighth Amendment rights against Cruel and Unusual Punishment.    See Ala. Code §15-22-26.

Plaintiffs fail to state a claim for which relief can be granted in relation to their First Amendment claim.

Plaintiffs merely state conclusory allegations insufficient to state a claim for which relief can be granted. Plaintiffs fail to state a claim for which relief can be granted against Defendant Williams.

>Respectfully submitted,
>TROY KING
>ATTORNEY GENERAL
>KIN 047
>
>GREGORY O. GRIFFIN, SR.
>CHIEF COUNSEL
>GRI026
>
>
>s/DANA L. PITTMAN
>ASSISTANT ATTORNEY GENERAL
>STATE BAR#:  ASB-7192-A57P
>ALA. BD. OF PARDONS & PAROLES
>P.O. BOX 302405
>MONTGOMERY, AL  36130
>TELEPHONE: (334)242-8700
>FAX: (334)353-4423
>Dana.Pittman@paroles.alabama.gov

## CERTIFICATE OF SERVICE

I hereby certify that on 5-31-06, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: (None), and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants, individually:

**CHARLES DIXION, #139244**
**DONALD W. YOUNG, #157063**
**JAMES MCDONALD, #236354**
**BRUCE HARMS, #202029**
**200 WALLACE DRIVE**
**CLIO, AL  36017-2165**

Done this 31st day of May, 2006.

Respectfully submitted,

s/DANA L. PITTMAN
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-7192-A57P
Ala. Bd. Pardons and Paroles
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Fax: (334) 353-4423
Dana.Pittman@paroles.alabama.gov